Mar Ti.v, J.
delivered the opinion of the court. The plaintiffs obtained a writ of attachment, i auainst the property of the defendants, which was 0 ii. ⅜ levied on one hundred and thirty-seven tons of , p , i • o r> i ti i iron, the cargo or the bng bt. Paul. Bartlett and Cox, claiming the iron as their property, intervened in the suit, and thier claim was sustained. The plaintiffs appealed. 1 * *
The facts, as they appear by the record, are as ^ _ follows: James Carleton presented himself to the claimants, as the agent of the defendants, on whom he drew bills to a considerable amount, which were endorsed and sold by the claimants, ■V who with a part of the proceeds purchased a . ¡-y i . ,. -i i*ii quantity ot tobacco, indigo and sugar, which they shipped on board of the brig St. Paul, for the account and risk of the defendants, and which were consigned to A. G'eg and Son, of Bergen, , , . . On the brig’s arrival at that port, the consignees directed the master to proceed to Gottenburg and address himself to R. Dixon. This gentleman, having suspended his payments, when the brig-reached Gottenburg, J. Dixon his brother, at the request of the master, wrote to the defendants, to inform them of the brig’s arrival and to ask their *686 orders. In the mean time, the cargo was stored. . _ ° The defendants, in their answer to Dixon, informed him, that as the cargo of the brig had been shipped by Carleton, without their authority, in any shape whatsoever, they did not acknowledge it to be on their account or risk, and requested him to secure for them, out of the proceeds of it, L. 247, 4, stg. the amount of the premium ofthe insurance made by them, at Car-leton’s request. On this, J. Dixon, at the master’s solicitation, sold the cargo, and out of the proceeds purchased the iron, which the plaintiffs have attached, and which was consigned to the owners of the outward cargo of the brig.
The bills drawn by Carleton on the defendants, endorsed and sold by the claimants, were returned duly protested and were paid by the latter. On the arrival of the brig, and previous to the attachment of the plaintiffs, her cargo, the affairs of the claimants being suspended, was turned over to Montgomery and son to sell it, and account to them for the proceeds.
Besides the outward cargo of the St. Paul, the claimants, having raised money by the sale of Carleton’s bills on the defendants, loaded another brig, the Moscow, which on her return they attached without effect.
The plaintiffs must fail, in this case, unless they *687 anew that the defendants, might have compelled the claimants to deliver to them the return cargo of the St. Paul, and this it is contended they could, because, by the payment of the premium of insurance on the outward cargo, they ratified and adopted the purchase and shipment of it; and the property of it having once been vested in them, no act of theirs can divest the plaintiffs, their creditors, from the right of attaching it.
Neither the premises nor the conclusion appear to us correct. Notwithstanding, their disapprobation of Carleton’s conduct, they might to avoid a loss, which it might be their interest to avert, insure the cargo : and, if they had approved of his conduct and accepted the shipment they might, at any time, before any creditor of their’s attached the cargo, with the consent of the shippers, the present claimants, decline considering it any longer as their own. This they have done, and the claimants afterwards and before any attachment, by taking the iron as their own, have sanctioned the act of the defendants. Now the latter could not successfully, at the time of the attachment, demand the iron from the claimants; Carleton had no right thereto : the district court consequently, correctly considered it as the property of the claimants.
It is, therefore, ordered, adjudged and decreed, that the judgment be affirmed with costs.
Livingston for the plaintiffs, Duncan for the defendants.